# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### June 16, 2010 Session

## STEVEN ANDERSON v. ROY W. HENDRIX, JR.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-07-1317      Kenny W. Armstrong, Chancellor

### No. W2009-02075-COA-R3-CV - Filed July 30, 2010

The trial court entered summary judgment in favor of Plaintiff buyer of land, concluding that Defendant seller was liable for rollback taxes pursuant to Tennessee Code Annotated § 67-5-1008(f). We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S. and J. STEVEN STAFFORD, J., joined.

J. Kimbrough Johnson and Michael Casey Shannon, Memphis, Tennessee, for the appellant, Roy W. Hendrix, Jr.

Emily Campbell Taube and James Bennett Fox, Jr., Memphis, Tennessee, for the appellee, Steven Anderson.

## OPINION

This dispute concerns liability for rollback taxes assessed pursuant to Tennessee Code Annotated § 67-5-1008(f) against two parcels of land in Shelby County. The facts relevant to our disposition of this matter are not disputed. In June 2000, Defendant Roy W. Hendrix, Jr. (Mr. Hendrix) sold two parcels of land totaling approximately 65 acres to Plaintiff Steven Anderson (Mr. Anderson). Prior to the sale, the parcels were classified as "agricultural land" pursuant to the Agricultural, Forest and Open Space Land Act as codified at Tennessee Code Annotated § 67-5-1001 *et seq*. As property with "Greenbelt status," it was subject to reduced tax assessment rates under the Act. The property had been so classified since 1982, when Mr. Hendrix applied for the classification.

After the June 2000 sale, Mr. Anderson did not reapply for Greenbelt status as permitted by

the Act. In June 2001, the Shelby County Tax Assessor determined that the property ceased to qualify for Greenbelt status under the Act. Accordingly, the property was reassessed, resulting in an assessment increase in the amount of $45,125 for one parcel, and $74,950 for the other for the 1998, 1999, and 2000 tax years. In November 2001, the County issued a tax bill in the amount of $11,887 for rollback taxes for the 1998, 1999, and 2000 tax years to Mr. Hendrix. The taxes were due on March 1, 2002. Mr. Hendrix did not pay the taxes, but forwarded the tax bill to Mr. Anderson on November 5, 2001.

The record reflects that some discussion ensued between the parties with respect to which was liable for the rollback taxes, which remained unpaid. In 2006, Shelby County notified Mr. Anderson that the land would be sold at public auction to pay the taxes. Mr. Anderson paid the taxes and, in July 2007, filed a complaint against Mr. Hendrix in the Chancery Court for Shelby County. In his complaint, Mr. Anderson asserted claims for breach of contract and sought damages for unjust enrichment. He also sought a declaratory judgment that Mr. Hendrix was obligated to pay the costs and expenses arising from Mr. Hendrix's failure to pay the rollback taxes, attorney's fees and pre-judgment interest.

The parties filed cross-motions for summary judgment, which were heard in the trial court in September 2009. The trial court concluded that Tennessee Code Annotated § 67-5-1008(f) places the liability for rollback taxes on the seller unless a written contract or other writing provides otherwise. The court noted that it was undisputed that, at the time of sale, Mr. Anderson told Mr. Hendrix that he intended to use the land as his primary residence; that the parties did not discuss the fact that the land had been classified as Greenbelt land or that rollback taxes would be assessed in the event that it ceased to qualify as agricultural land; and that no written agreement existed by which Mr. Anderson agreed to be liable for rollback taxes or in which Mr. Anderson expressed an intention to continue the Greenbelt classification on the land.

On September 21, 2009, the trial court entered summary judgment in favor of Mr. Anderson, awarding him a judgment in the amount of $24,228.20. Mr. Hendrix filed a notice of appeal to this Court on October 2, 2009, and oral argument was heard in the matter on June 16, 2010. Upon review of the record, we determined that the trial court's September 2009 order was not a final judgment where it failed to adjudicate Mr. Anderson's request for attorney's fees and pre-judgment interest. Following this Court's order to show cause why the appeal should not be dismissed, on July 13, 2010, the trial court entered a consent order reiterating judgment in the amount of $24,228.20 in favor of Mr. Anderson, and denying Mr. Anderson's prayers for attorney's fees and pre-judgment interest. Having determined that the judgment in this cause is now final, we turn to the issues presented for our review.

### *Issues Presented*

Mr. Hendrix raises the following issues:

(1)     Whether the trial court erred in ruling that T.C.A. 67-5-1008(f) and the facts of the instant case require that Hendrix rather than Anderson is liable for the payment of rollback taxes, which were levied when Anderson failed to reapply for Greenbelt status of the property.

(2)     In the alternative, whether Hendrix is liable for the whole amount of rollback taxes or a reduced amount, because Anderson failed to mitigate his damages.

### *Standard of Review*

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04). The burden is on the moving party to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citations omitted).

After the moving party has made a properly supported motion, the nonmoving party must establish the existence of a genuine issue of material fact. *Id.* (citations omitted). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.06 of the Tennessee Rules of Civil Procedure. *Id.* (citations omitted). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id.* (citations omitted). A disputed fact that must be decided to resolve a substantive claim or defense is material, and it presents a genuine issue if it reasonably could be resolved in favor of either one party or the other. *Id.* (citations omitted). With this standard in mind, we turn to whether the trial courted erred by awarding summary judgment in this case.

### *Discussion*

We first address Mr. Hendrix's assertion that the trial court erred in determining that Mr. Hendrix was liable for the rollback taxes under Tennessee Code Annotated § 67-5-1008(f). The section as it exists now and under the 2000 Code governing this dispute provides:

> If the sale of agricultural, forest or open space land will result in such property being disqualified as agricultural, forest or open space land due to conversion to an ineligible use or otherwise, the seller shall be liable for rollback taxes unless otherwise provided by written contract. If the buyer declares in writing

at the time of sale an intention to continue the greenbelt classification but fails to file any form necessary to continue the classification within ninety (90) days from the sale date, the rollback taxes shall become solely the responsibility of the buyer.

Tennessee Code Annotated § 67-5-1008(f)(2006).

It is undisputed in this case that Mr. Anderson did not declare an intention to continue to maintain the Greenbelt classification of the property at the time of sale. It also is undisputed that the parties did not enter into a contract providing that Mr. Anderson would be liable for any potential rollback taxes. The parties also do not dispute that the property failed to qualify for Greenbelt status because Mr. Anderson did not reapply for that status subsequent to the sale. Further, the parties do not dispute that, at the time of sale, Mr. Anderson intended to construct a home on the property, potentially disqualifying it from greenbelt classification. This lawsuit does not concern whether the rollback taxes were properly assessed. Rather, Mr. Hendrix asserts in his brief that the seller's liability for the rollback taxes arises only when the sale will result "as a necessary consequence of the sale itself, in the disqualification of the property from Greenbelt status." He asserts that the sale did not "definitively" result in disqualification from Greenbelt status because the actual use of the land by Mr. Anderson did not result in disqualification. He asserts that because Mr. Anderson's unilateral failure to act to reapply for Greenbelt status caused the property to lose that status, Mr. Anderson should be liable for the rollback taxes. Mr. Hendrix cites a 1987 Attorney General Opinion, asserting the Opinion supports the proposition that the seller is liable for rollback taxes only where the sale necessarily results in a disqualifying use.

We find Mr. Hendrix's argument unpersuasive under the facts of this case where, as Mr. Hendrix notes in his brief to this Court, at the time of sale, "[Mr.] Anderson informed [Mr.] Hendrix that he intended to build a house, barn and lake on the [p]roperty." Mr. Hendrix asserts that the construction of such improvements would not have necessarily made the property ineligible for Greenbelt status. Mr. Anderson, however, asserts that the expressed intended use of the land would have removed it from Greenbelt classification, and that, at the time of sale, he did not intend to use or hold the land for farming or agricultural purposes. Additionally, whether Mr. Anderson could have chosen to apply for Greenbelt status at a future date is not relevant to our inquiry here. At the time of sale, Mr. Anderson did not declare an intent to maintain the Greenbelt status of the property. The parties did not specify who would be liable for rollback taxes on property classified as Greenbelt property but sold with the understanding that the buyer did not intend to hold it for agricultural use.

The statute clearly provides that the seller of Greenbelt property is liable for any rollback taxes if the property fails to qualify for Greenbelt status because of ineligible use *or otherwise*. The seller remains liable for the rollback taxes unless the parties provide otherwise in writing, or unless the buyer declares, in writing, an intent to continue the classification and fails to do so. Mr. Anderson expressed no intent to hold the property for agricultural use. He was under no obligation to reapply for Greenbelt status, and did not agree to be liable for rollback taxes assessed against it. We agree with the trial court that, under Tennessee Code Annotated 67-5-1008(f), Mr. Hendrix is liable for the rollback taxes assessed in this case.

-4-

We next turn to Mr. Hendrix's assertion that Mr. Anderson should be liable for at least a portion of the total tax bill due when Mr. Anderson paid it in 2006 because Mr. Anderson failed to mitigate his damages. Mr. Hendrix asserts that he informed Mr. Anderson that interest and penalties would accrue if the taxes were not paid, and that he proposed that they each pay one-half of the tax bill and "that the prevailing party in the litigation which [was] certain to ensue [would] be entitled to . . . recover the one-half of said taxes which he paid." Indeed, by December 2006, when Mr. Anderson paid the tax bill to avoid an auction sale, the total amount due was $24,228, including interest and penalties.

The record in this case includes correspondence between Mr. Hendrix and Mr. Anderson regarding which was responsible for the rollback taxes. As Mr. Hendrix asserts, he informed Mr. Anderson that interest and/or penalties would accrue on the unpaid taxes. Mr. Hendrix also offered to pay one-half of the taxes due. It is clear from the record that the parties disagreed on who was liable for the rollback taxes under the statutes. It is also clear, however, that the tax bill was received by Mr. Hendrix, and that Mr. Hendrix simply refused to pay it despite recognizing that interest and penalties would accrue. Further, it is undisputed that Mr. Hendrix took no action to appeal the assessment of rollback taxes to the state board of equalization as permitted by Tennessee Code Annotated § 67-5-1008(d)(3). Mr. Anderson paid the taxes to avoid a tax sale. In light of our determination that Mr. Hendrix was liable for the rollback taxes which were billed to him by Shelby County in 2001, we cannot say that it was Mr. Anderson's obligation to mitigate the damages in this case. As noted above, despite Mr. Hendrix's contention that Mr. Anderson may have avoided imposition of the rollback taxes by reapplying for Greenbelt status, Mr. Anderson was under no obligation to apply for Greenbelt status. Indeed, to have sought such status absent an intent to hold the land for agricultural purposes would have been contrary to the intended purposes of the Act.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Mr. Anderson's request for damages for a frivolous appeal are denied. Costs of this appeal are taxed to the Appellant, Roy W. Hendrix, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE